UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF AMERICA, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:08-CV-351 CAS |
| HOLTZMAN PROPERTIES, L.L.C., ) ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Holtzman Properties, L.L.C.'s ("Holtzman") motion to join an additional party and for leave to amend its counterclaim, and plaintiff Travelers Indemnity Company of America's ("Travelers") motion to strike the counterclaim, which Holtzman filed in this matter on July 21, 2008. The motions are now briefed and ready for disposition.[1] For the following reasons, the Court will deny as moot Holtzman's motion to join an additional party and for leave to amend its counterclaim, and deny Traveler's motion to strike.

**Background**.

This is an action for declaratory judgment brought by Travelers seeking a declaration of no coverage under a commercial insurance policy it issued to Holtzman in 2004 for property located at 4015 Papin in the City of St. Louis, Missouri. The underlying insurance claim by Holtzman is for theft, vandalism, malicious mischief property damage and loss of rents. Holtzman filed an answer and counterclaim, asserting claims for breach of the insurance contract and statutory vexatious refusal to pay under Missouri Revised Statutes § 375.420 (2000). The Court has jurisdiction over this matter

---

[1]Travelers did not file a reply memorandum in support of its motion to strike, but the time to do so has passed.

based on diversity of citizenship. Travelers is a foreign corporation with its principal place of business in Connecticut. Defendant Holtzman is a citizen of Missouri. The amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

On July 9, 2008, the deadline for motions for leave to join additional parties or to amend pleadings as established by the Case Management Order, Holtzman filed its motion to join an additional a party and for leave to amend its counterclaim. The proposed counterclaim sought to join as a counterclaim defendant a former employee of plaintiff, claim agent Don Meyer, and to assert a counterclaim against Travelers and Meyer for tortious interference with a lease agreement contract with Holtzman's former tenant, American Loose Leaf/Trend X.

On July 11, 2008, Travelers was granted leave to file an amended complaint in order to adequately plead the citizenship of defendant, as directed by the Court. Holtzman subsequently filed its answer and counterclaims to the amended complaint on July 21, 2008. Although the motion for leave to join an additional party and amend its counterclaim was not yet fully briefed, Holtzman included in its counterclaims the claim against Travelers and Meyer for tortious interference with the lease agreement contract. Travelers then filed a motion to strike Holtzman's answer and counterclaims as having been filed without leave of Court and before the time for Travelers' response to Holtzman's motion to join an additional party and for leave to amend the counterclaim was due.

**Legal Standards**.

    A. *Motion to Strike*

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. Motions to strike are not favored and are infrequently granted, because they propose

2

a drastic remedy. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id.

B. *Leave to Amend Pleadings*

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. **Other Amendments**. (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15(a), Fed. R. Civ. P. Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971).

Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

**Discussion**.

A. *Filing Without Leave of Court*

Travelers moves to strike the counterclaim because it was filed without leave of Court prior to a ruling on Holtzman's motion to join an additional party and for leave to amend its counterclaim. Holtzman responds that its responsive pleading to the amended complaint was due within the time

required by Rule 12, Fed. R. Civ. P., and that the filing of the amended complaint rendered moot its prior motion for leave to join an additional party and for leave to amend its counterclaim. Neither party has cited any rule or case law which specifically supports its position.

A leading federal practice and procedure treatise instructs that a defendant who files a counterclaim or crossclaim with its responsive pleading "has the right to join additional parties to the counterclaim or crossclaim without leave of court." 4 James Wm. Moore, et al., Moore's Federal Practice, § 20.02[2][b][ii] (3d ed. 2008). Another prominent treatise states that the general practice is to obtain a court order to join an additional party, although this is not required by Rule 13(h), Fed. R. Civ. P. See 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure 2d § 1434 (2d ed. 1987) (citing cases in which leave of court to join additional defendants in a counterclaim was required, and others in which leave was not required).

The Eighth Circuit does not appear to have spoken directly on this issue. The undersigned's practice has not been to require leave of court to join additional defendants in a counterclaim, when that counterclaim is filed with a responsive pleading. As a result, although Holtzman was required to seek leave of court to amend its initial counterclaim to join an additional party, leave was no longer required once Travelers filed its amended complaint, because this filing triggered the requirement for Holtzman to plead in response to the amended complaint. Holtzman's motion to join an additional party and for leave to amend it counterclaim should therefore be denied as moot, and Travelers' motion to strike should be denied.

Nonetheless, the Court finds it is in the interest of judicial efficiency to address the merits of Travelers' objections to the amended counterclaim, because Travelers raises issues concerning the

4

continued existence of diversity jurisdiction and potential futility of the tortious interference counterclaim.

B. *Diversity of Citizenship*

In opposition to Holtzman's motion to join Meyer as a party, Travelers argues that Meyer is not a required party under Rule 19(a)(1), Fed. R. Civ. P., and as a result his joinder in this case is prohibited. Travelers does not cite any authority to support this argument. Travelers also asserts that because Meyer is a resident of Missouri, his joinder in this action would destroy the Court's diversity jurisdiction, making his joinder impermissible.[2]

Holtzman replies that assuming Meyer is a citizen of Missouri, and that Rule 19 rather than Rule 20 concerning permissive joinder is applicable, the Court's supplemental jurisdiction would not be adversely affected by Meyer's addition as a counterclaim defendant.[3] Holtzman relies on 28 U.S.C. § 1367(b), which limits a district court's supplemental jurisdiction "over claims by plaintiffs made parties under Rule 14, 19, 20 or 24" when "exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [28 U.S.C. §] 1332," the

---

[2]As a procedural note, Travelers filed both a response to the motion [Doc. 21], and a memorandum of law in support of its response [Doc. 22] in opposition to Holtzman's motion to join an additional party and for leave to amend its counterclaim. Although a motion should generally be accompanied by a memorandum in support, see Local Rule 4.01(A), a response or opposition to a motion should be filed as a single document.

Travelers asserts that Holtzman's motion should be denied because it was not accompanied by a memorandum in support, as required by the local rule. Although Holtzman's motion should have been accompanied by a memorandum in support, the Court has the authority to overlook deviations from the local rules. See Silberstein v. IRS, 16 F.3d 858, 860 (8th Cir. 1994). It will do so here because the full briefing on Holtzman's motion permits it to resolve the issues on the merits. In the future, however, Holtzman should file a memorandum in support of any substantive motion.

[3]There is no evidence in the record concerning Meyer's state of citizenship. Allegations concerning the state of a party's *residence*, as opposed to his state of *citizenship*, are not controlling. See Sanders v. Clemco Industries, 823 F.2d 214, 215 n.1 (8th Cir. 1987).

statutory grant of diversity jurisdiction. Holtzman contends that under case law interpreting § 1367(b), a court's supplemental jurisdiction in a diversity case is not destroyed where a <u>defendant</u> adds a party under Rule 19 or 20, citing <u>State National Insurance Co., Inc. v. Yates</u>, 391 F.3d 577, 579-81 (5th Cir. 2004).

Under 28 U.S.C. § 1367, federal courts have supplemental jurisdiction over claims that do not independently come within the jurisdiction of the district court but form part of the same case or controversy under Article III of the United States Constitution. <u>Myers v. Richland County</u>, 429 F.3d 740, 746 (8th Cir. 2005). "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" <u>Id.</u> (quoting <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966)). Furthermore, "[s]uch supplemental jurisdiction shall include claims that involve the joinder . . . of additional parties." 28 U.S.C. § 1367(a).

Holtzman's claims in Count III of the counterclaim against Travelers and Meyer satisfy the same case or controversy requirement, because they are adequately related to the contractual relationship between Travelers and Holtzman concerning the insured property at 4015 Papin. In Count III, Holtzman asserts that Travelers and Meyer tortiously interfered with the landlord-tenant relationship at the insured property when Meyer, Traveler's claim agent, told Holtzman's tenant that (1) the building did not have sufficient roof drains to drain off roof water, (2) Holtzman had the wrong kind of insurance policy and insufficient insurance coverage for recent water loss property damage, (3) Holtzman's insurance policy would not cover the water property damage, and (4) the lower level of the building was not a premises space recommended for the tenant's needs. <u>See</u> Counterclaim at ¶¶ 91-97 [Doc. 18]. Holtzman further alleges that as a result of this interference by

6

Travelers and Meyer, the tenant breached its lease and moved out of the insured property. Id. at ¶ 101.

District courts' supplemental jurisdiction is limited, however, in cases such as this where jurisdiction is founded solely on diversity of citizenship. See 28 U.S.C. § 1367(b). In such cases, district courts "shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14 [impleader], 19 [compulsory joinder], 20 [permissive joinder], or 24 [intervention] of the Federal Rules of Civil Procedure, . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332 . . . ." Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 820 (8th Cir. 2001) (per curiam) (quoting 28 U.S.C. § 1367(b); brackets in original).

The procedural question presented by Holtzman's motion to join an additional party and amend its counterclaim is whether assertion of a counterclaim against a nondiverse counterclaim defendant who is not an indispensable party would destroy diversity jurisdiction. In considering a very similar issue, the Fifth Circuit Court of Appeals held that assertion of a counterclaim or third-party claim does not convert a defendant into the "plaintiff" referred to in section 1367(b). Yates, 391 F.3d at 580. The Fifth Circuit of Appeals stated "that 'plaintiff' in § 1367(b) refers to the original plaintiff in the action--not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff." Id.

The Fifth Circuit cited with approval other circuits that have reached the same conclusion: Grimes v. Mazda N. Am. Operations, 355 F.3d 566, 573 (6th Cir. 2004) ("The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs--but not defendants or third parties--from circumventing the requirements of diversity."); Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 726-27 (2d Cir. 2000) ("Significantly, § 1367(b) reflects

7

Congress' intent to prevent original plaintiffs--but not defendants or third parties--from circumventing the requirements of diversity."), cert. denied sub nom Taylor Forge Stainless, Inc. v. Viacom Int'l, Inc., 531 U.S. 1051 (2000); United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 492 (4th Cir. 1998) ("Thus, the limitation of § 1367(b) applies only to *plaintiffs*' efforts to join nondiverse parties."); Development Fin. Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 160 (3d Cir. 1996) ("The plain language of § 1367(b) limits supplemental jurisdiction over claims of *plaintiffs* against 'persons made parties under Rule 14, 19, 20, or 24,' and of parties who join or intervene as plaintiffs pursuant to Rule 19 or 24. 28 U.S.C. § 1367(b). The section has little to say about defendants." Yates, 391 F.3d at 580, n.16. The Fifth Circuit also considered the plain language of the statute, which it found to be "deliberate in only withholding jurisdiction over such 'claims by *plaintiffs*.'" Id. (quoting 28 U.S.C. § 1367(b) and adding emphasis).

It does not appear that the Eighth Circuit Court of Appeals has addressed this question. This Court, however, is persuaded by the reasoning of the Fifth Circuit in Yates and the numerous other circuit courts of appeal that have held section 1367(b) is designed only to prevent plaintiffs from asserting claims they otherwise would not be able to bring for want of subject matter jurisdiction, and does not affect defendants.

Don Meyer is not a required party to the original controversy between the Travelers and Holtzman but may be permissively joined by Holtzman under Rule 20, Fed. R. Civ. P. The Court finds the addition of Meyer as a counterclaim defendant would not destroy diversity jurisdiction.

C. *Preemption by Vexatious Refusal Statute*

Travelers also argues that Holtzman's counterclaim for tortious interference is futile and leave to file it should therefore be denied. Travelers states that under Missouri law, when an insured's

8

cause of action is based on the allegation that his insurance company negligently denied payment following the filing of a proof of loss, actions sounding in negligence and tort are preempted by the vexatious refusal statute, Mo. Rev. Stat. § 375.420, citing Meeker v. Shelter Mutual Ins. Co., 766 S.W.2d 733, 742 (Mo. Ct. App. 1989), and Halford v. American Preferred Ins., 698 S.W.2d 40, 43 (Mo. Ct. App. 1985).

Travelers states that it has brought a declaratory judgment action seeking a declaration of no coverage under a commercial insurance policy issued to its insured, Holtzman, and Holtzman counterclaimed for breach of contract and vexatious refusal to pay. Travelers contends that Holtzman's proposed counterclaim for tortious interference is preempted by § 375.420, because Holtzman has already alleged a vexatious refusal claim.

Holtzman responds that its proposed tortious interference counterclaim is not preempted by the vexatious refusal statute, because it is alleging an independent tort cause of action against both Travelers and Meyer which is not based on Traveler's refusal to pay the insurance claim. Holtzman states that the tortious interference count is based on Travelers' and Meyer's alleged interference with Holtzman's lease agreement contract for the insured premises with its tenant, who was not an insured of Travelers.

Holtzman asserts that although some causes of action are precluded by the vexatious refusal statute, Missouri law recognizes that the statute does not bar the assertion of independent tort causes of action against a first-party insurer that are not based on the insurer's refusal to pay, but which may have occurred during the insurer's investigation or claims handling, including actions such as defamation, trespass, intentional interference with business relations and invasion of privacy. Holtzman cites Overcast v. Billings Mutual Ins. Co., 11 S.W.3d 62 (Mo. 2000) (en banc), in which

9

the Missouri Supreme Court affirmed a defamation judgment against the defendant insurance company. In Overcast, the court observed that the tort claim was not dependent on the elements of the contract claim but rather was based on conduct "distinct from conduct that merely constituted a breach of contract," id. at 68, and held that the vexatious refusal statute did not preempt the tort cause of action. Id. at 69-70, 73.

Missouri law is clear that "an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay." Overcast, 11 S.W.3d at 69. A party complaining of breach of contract cannot also bring a tort claim dependant on the same elements as the contract claim. "An insured cannot recast a contract claim as a . . . tort under Missouri law." Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 870 (8th Cir. 2002); see also Zumwalt v. Utilities Ins. Co., 228 S.W.2d 750, 756 (Mo. 1950) (refusal to pay under the policy terms is contractual). Attaching additional tort liability to a breach of contract claim is only allowed when an independent tort has been committed against the plaintiff. See Overcast, 11 S.W.3d at 68. The independent tort alleged cannot be "dependent on the elements of the contract claim." Id. at 67. Independent facts must form the basis for the tort claim to survive a motion to dismiss.

In the instant case, the alleged independent tort, tortious interference with a lease agreement contract, is not dependent on the elements of the breach of insurance contract and vexatious refusal to pay causes of action. Holtzman alleges that Travelers and its employee, Meyer, made untrue representations to Holtzman's tenant in the insured property concerning the condition and fitness of the building, Holtzman's insurance coverage, and the suitability of the building for the tenant's use. These allegations concern facts that are independent and distinct from the contract claim based on the policy. Holtzman has alleged damages independent of the breach of contract. See Overcast, 11

S.W.3d at 68 (defendant insurer could have defamed plaintiff even if it ultimately paid the claim; therefore, defamation was a distinct tort independent of the breach of contract claim). Holtzman's tortious interference counterclaim is not precluded by the Missouri vexatious refusal statute, and therefore would not be futile.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Holtzman Properties, L.L.C.'s motion to join an additional party and for leave to amend its counterclaim is **DENIED** as moot. [Doc. 11]

**IT IS FURTHER ORDERED** that plaintiff Travelers Indemnity Company of America's motion to strike Holtzman's counterclaim is **DENIED**. [Doc. 23]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of August, 2008.