UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:08-CV-351 CAS |
| HOLTZMAN PROPERTIES, L.L.C., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Holtzman Properties, L.L.C.'s Motion for Leave to Amend Counterclaim. Defendant Travelers Indemnity Company of America opposes the motion and it is fully briefed. The Court heard oral argument on the motion on February 26, 2009. For the following reasons, the Court will deny the motion.

**Background**.

This is an action for declaratory judgment brought by Travelers Indemnity Company of America ("Travelers") seeking a declaration of no coverage under a commercial insurance policy it issued to Holtzman Properties, L.L.C. ("Holtzman") in 2004 for property located at 4015 Papin Avenue in the City of St. Louis, Missouri. The underlying insurance claim by Holtzman is for theft, vandalism, malicious mischief property damage and loss of rents. Holtzman filed an answer and two-count counterclaim, asserting claims for breach of the insurance contract and statutory vexatious refusal to pay under Missouri Revised Statutes § 375.420 (2000). Travelers subsequently filed an amended complaint and Holtzman filed its answer thereto, along with a three-count counterclaim.

The Court issued a Case Management Order in June 2008 (Doc. 10), and an Amended Case Management Order in November 2008 (Doc. 43). Both the original and amended Case Management Orders established July 9, 2008 as the deadline for seeking leave to join additional parties or amend pleadings. Although the Amended Case Management Order was subsequently modified, the deadline for joining additional parties or amending pleadings was not changed.

On February 12, 2009, Holtzman filed the instant motion for leave to amend its counterclaim to assert new counterclaims for tortious interference, punitive damages, and statutory vexatious refusal to pay. In support of the motion, Holtzman asserted that leave to amend should be freely given when justice so requires, as long as there is no undue delay or prejudice to the opposing party, citing Rule 15(f), Federal Rules of Civil Procedure.[1] Holtzman also asserted that all amendments to the pleadings were due by February 12, 2009, and therefore its motion for leave to amend was timely.[2]

---

[1] Presumably, Holtzman meant to cite Rule 15(b), Fed. R. Civ. P., as that subsection contains the "freely permit an amendment" language, and there is no Rule 15(f).

[2] Holtzman's assertion that its motion for leave to amend is timely is incorrect. As stated above, the deadline for motions to join additional parties or amend the pleadings was July 9, 2008. Holtzman's reference to February 12, 2009 is based on language in a Consent Order issued January 29, 2009 (Doc. 50), which states in pertinent part:

> Defendant represents that it intends to seek leave of the Court to file an Amended Counterclaim that includes a fourth count. Plaintiff opposes granting Defendant leave to amend its pleadings and intends to file a memorandum in opposition. As consideration for this Consent Order, Defendant stipulates that it waives all right to seek leave to amend its pleadings after February 12, 2009. This Consent Order does not constitute Plaintiff's consent to an amendment of the pleadings on or before February 12, 2009.

Consent Order at 2. The quoted language does not alter the deadline for motions to join parties or amend pleadings as established by the applicable case management orders. Rather, the language merely states Holtzman's intent to seek leave of Court to amend its counterclaims, and waived any right to seek the necessary leave after February 12, 2009.

2

**Legal Standard**.

Where a party seeks leave to amend its complaint after the deadline in the applicable case management order has passed, Federal Rule of Civil Procedure 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Sherman v.Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). The Eighth Circuit recently explained the distinction between the two rules:

> Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "when justice so requires." Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause."

Schenk v. Chavis, 259 F. App'x 905, 907 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." Popoalii, 512 F.3d at 497.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717. See Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (concluding there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrates that Bradford made only minimal efforts to satisfy the [case management order's] requirements"). Eighth Circuit decisions "reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the

3

order." Sherman, 532 F.3d at 717. See, e.g., Rahn, 464 F.3d at 822 (affirming the denial of plaintiff's request for a modification of the scheduling order because the record was clear that plaintiff did not act diligently to meet the order's deadlines); Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005) (affirming denial of leave to amend the complaint under Rule 16(b) because the plaintiffs had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (affirming the denial of plaintiff's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed untimely).

**Discussion**.

In this case, Holtzman filed the motion for leave to amend its counterclaims seven months after the case management order's deadline to do so had passed. Holtzman's motion offers no reason to explain the delay, and attempts to rely solely on Rule 15(b)'s standard and an asserted lack of prejudice to the plaintiff as a basis for allowing the amendments. During the hearing, the Court offered Holtzman's counsel the opportunity to establish good cause to permit the late amendment. Counsel responded only that plaintiff Travelers knew since at least August 2008 of the claims Holtzman seeks to assert, and therefore would not be prejudiced by the filing.

The Court does not reach the issue of prejudice to the non-moving party, because there is a complete absence of a showing of good cause to permit the amendment of Holtzman's pleadings seven months past the deadline established by the case management orders. Holtzman admitted in open court that it knew of the existence of these claims in August 2008, six months ago. From the nature of the claims asserted in the proposed amended counterclaim, it appears to the Court that

Holtzman had knowledge of the claims significantly earlier, but made no effort to seek leave to assert them. The record clearly demonstrates that Holtzman fails to establish it acted diligently in attempting to meet the requirements of the case management orders, and thus fails to meet the good cause requirement of Rule 16(b). Holtzman's motion for leave to amend its counterclaims should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Holtzman Properties, L.L.C..'s Motion for Leave to Amend Counterclaim is **DENIED**. [Doc. 54]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of February, 2009.