UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY ) <br> OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HOLTZMAN PROPERTIES, L.L.C., ) <br> ) <br>     Defendant. ) | Cause No.:  4:08-cv-00351-CAS |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO STRIKE DEFENDANT'S
EXPERT WITNESS DISCLOSURE**

COMES NOW Plaintiff, Travelers Indemnity Company of America, in accordance with E.D.Mo. L.R. 7-4.01, and for its Memorandum in Support of its Motion to Strike Plaintiff's Expert Witness Disclosure, states to this Court as follows:

## I.   INTRODUCTION

Defendant made a purported expert witness disclosure identifying two experts who may be called at trial, James E. Jackson (hereinafter "Jackson") and Gerald Kramer (hereinafter "Kramer"), as reflected on Exhibit A attached to Plaintiff's motion. Jackson is identified as being affiliated with St. Louis Electric, Inc., although not further information about Jackson is provided in the disclosure. Jackson did not prepare or submit a written report stating Jackson's opinions in this matter and the basis for those opinions. Instead, Defendant's simply produced a "bid proposal" purportedly prepared by Jackson and a list of Jackson's business references. Defendant did not produce Jackson's curriculum vitae, or a list of Jackson's publications and prior testimony. Jackson did not prepare a signed report summarizing his opinions, and did not even sign his bid proposal.

Kramer is identified in his disclosure as a "public adjuster." According to the disclosure, Kramer will present testimony at trial that Travelers unreasonably and vexatiously delayed payment of Defendant's claim. In offering this opinion, Kramer reaches numerous conclusions concerning the application of Missouri's statute governing vexatious refusal to pay, as well as Missouri Department of Insurance "rules and regulations." Kramer has failed to establish any basis for his competence to provide a legal analysis of the meaning and application of Missouri statutes, and his opinions unreasonably invade the province of the jury.

Defendant's expert disclosure fails to comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Further, Defendant is attempting to elicit impermissible expert testimony. Accordingly, the Court should strike Defendant's expert designations of Jackson and Kramer.

## II.  LAW AND ARGUMENT

Jackson should not be permitted to offer opinion testimony at trial. Rule 26(a)(2)(B) provides in relevant part that:

> "[D]isclosure *shall* … be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor … the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." (emphasis added)

The requirement of full and complete disclosure of experts, and of the opinions they hold, is not a mere recital in the litany of the pretrial schedule; rather, full and complete expert disclosures are an express requirement of Rule 26(a)(2)(B). *Upsher-Smith Labs, Inc. v. Mylan Labs, Inc.*, 944 F.Supp. 1411 (D.Minn.1996).

Moreover, under Rule 37(c)(1), unless the non-movant can show that its failure to disclose information required by Rule 26(a)(2) was substantially justified or that such failure is harmless, exclusion of undisclosed information is automatic. *1st Source Bank v. First Resource Fed. Credit*

*Union*, 167 F.R.D. 61 (N.D.Ind. 1996).  Courts have consistently stricken expert testimony for failure to comply with Rule 26(a)(2). *See China Resource Prods. (U.S.A.) Ltd. v. Fayda Int'l, Inc.*, 856 F.Supp. 856, 866-67 (D.Del. 1994) (expert who did not provide report not allowed to testify); *Upsher-Smith Labs.*, 944 F.Supp. at 1440 (striking experts whose uninformative, boilerplate reports wholly fail[ed] to disclose, in any intelligible way, the facts and rationale … under[lying] the opinions expressed therein); and *1st Source Bank*, 167 F.R.D. at 66 (precluding expert from testifying about subject merely listed in expert's report; listing subject is not the same as providing opinion and basis for opinion).

  The Court should likewise strike the expert disclosure of Gerald Kramer.  The testimony Defendant seeks from Kramer is his opinions as to whether Defendant is entitled to statutory penalties pursuant to Section 357.420 R.S.Mo.  Under the Federal Rules of Evidence, such opinions are inadmissible.  A trial court may exclude opinion testimony if it is so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be.  *Hogan v. AT&T*, 812 F.2d 409, 411 (8th Cir. 1987).

  In *In re: Acceptance Insurance Companies Securities Litigation*, 423 F.3d 899 (8th Cir. 2005), investors brought a securities fraud action against insurer and its corporate officers.  The district court granted summary judgment for the defendants, finding that the investors would be unable to meet the scienter requirements of the relevant sections of the Exchange Act and the SEC Rules.  *Id*. at 904.  In so holding, the district court ruled that affidavits of the investor's experts were inadmissible, because the experts simply took the investor's statement of facts as true and did not review the record to ascertain whether the statements were supported.  *Id*. at 905.  The Eighth Circit affirmed the district court's holding, finding that, "[t]he opinions themselves were legal conclusions about the facts of the case as presented to the experts by the shareholders.  As a result, the expert

3

opinions were merely opinions meant to substitute the judgment of the district court." Id. (citing *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003)).  The Eighth Circuit further held that, "[w]hen the expert opinions are little more than legal conclusions, a district court should not be held to have abused its discretion by excluding such statements. *Id*. (citing *U.S. v. Ingle*, 157 F.3d 1147, 1152 (8th Cir. 1998)).

In *J.E. Jones Const. Co. v. Marsh USA, Inc.*, 2008 WL 2225732 (E.D.Mo. 2008), a plaintiff retained an insurance broker to provide expert opinions as to whether defendant breached its duties under an agreement between the parties. *Id.* at 1. This Court excluded the broker's testimony because his opinions were legal conclusions which invaded the province of the jury. *Id.* Even though the broker had years of experience and was familiar with similar agreements, he was not qualified to testify as to what constitutes a breach of a duty. *Id.* The Court noted that broker's testimony would only serve to advise the trier of fact as to what conclusion to reach, rather than to assist the trier of fact. *Id.*

Kramer's testimony is inadmissible and the Court should strike his expert disclosure because his opinions are solely legal conclusions which serve to invade the province of the jury. As in *Acceptance Insurance*, Kramer has provided no basis for his opinions, other than Defendant's allegations. Indeed, large portions of Kramer's expert disclosure are lifted, word-for-word, from Defendant's counterclaim for vexatious refusal. Kramer has not reviewed the deposition testimony of any representative of Travelers, or the depositions of any non-party witnesses in this case. Although Kramer may have years of experience as a public adjuster, under *J.E. Jones Const.*, Kramer is barred from testifying as to what constitutes conduct entitling an insured to statutory penalties under Section R.S.Mo. 375.420. Kramer's testimony is only intended to advise the trier of fact as to what ultimate conclusion to reach. Accordingly, it should be excluded.

4

WHEREFORE Travelers prays that this Defendant's expert witness disclosure be stricken for the reasons set forth herein and that Defendant be enjoined from calling James Jackson and Gerald Kramer to provide expert testimony at trial.

                                              Respectfully submitted,

                                              */s/ Robert W. Cockerham*____
                                              Robert W. Cockerham, #2832
                                              BROWN & JAMES, P.C.
                                              Attorneys for Plaintiff
                                              1010 Market Street, 20th Floor
                                              St. Louis, MO 63101
                                              314-421-3400
                                              314-421-3128 FAX
                                              rcockerham@bjpc.com

## CERTIFICATE OF SERVICE

       A I hereby certify that on March 10, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing service on the following: Mr. Mark M. Silvermintz, The Kunin Law Offices, L.L.C., 412 Missouri Avenue, East St. Louis, Illinois 62201, *Co-Counsel for Defendant-Counterplaintiff*, and Mr. William S. Daniel, Daniel Law Offices, 1116 Culverhill Drive, St. Louis, Missouri 63119-4938, *Co-Counsel for Defendant-Counterplaintiff*.

                                              */s/ Robert W. Cockerham*____