UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRAVELERS INDEMNITY COMPANY )
OF AMERICA, )
 )
     Plaintiff, )
 )
  v. ) No. 4:08-CV-351 CAS
 )
HOLTZMAN PROPERTIES, L.L.C., )
 )
     Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Travelers Indemnity Company of America's ("Travelers") motion to strike defendant's designation of two expert witnesses.[1] Defendant Holtzman Properties, L.L.C. ("Holtzman") opposes the motion, which is fully briefed and ready for disposition. For the following reasons, the Court will grant Traveler's motion with respect to witness James Jackson and deny the motion with respect to witness Gerald Kramer.

**Background**

This is an action for declaratory judgment by Travelers, seeking a declaration of no coverage under a commercial insurance policy it issued to Holtzman in 2004 for property located at 4015 Papin in the City of St. Louis, Missouri. The underlying insurance claim by Holtzman is for theft,

---

[1] As a procedural matter, the Court construes Travelers' motion to strike, which cites Rule 26, Fed. R. Civ. P., as a motion to exclude defendant's expert witness under Rule 37(c)(1), Fed. R. Civ. P., with respect to Mr. Jackson. Rule 37(c)(1) provides for the exclusion of information that a party fails to disclose as required by Rule 26(a). With respect to Mr. Kramer, the Court construes Travelers' motion under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-93 (1993). A motion to strike is filed under Rule 12(f), Fed. R. Civ. P., and is properly directed only to pleadings. The Federal Rules of Civil Procedure define pleadings as "a complaint and an answer; a reply to a counterclaim . . . ; an answer to a cross claim . . . ; a third-party complaint . . . ; and a third party answer." Fed. R. Civ. P. 7(a). See 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2008).

vandalism, malicious mischief property damage and loss of rents. Holtzman filed an answer and counterclaim, asserting claims for breach of the insurance contract and statutory vexatious refusal to pay under Missouri Revised Statutes § 375.420 (2000). The Court has jurisdiction over this matter based on diversity of citizenship.

## I. Holtzman's Expert Witness James E. Jackson

The Parties' Arguments

Travelers seeks to exclude defendant Holtzman's disclosure of expert witness James E. Jackson. Travelers objects that the disclosure does not meet the requirements of Rule 26(a)(2), Federal Rules of Civil Procedure, because Mr. Jackson did not prepare a written report stating his opinions and the basis therefor, but instead simply produced an unsigned bid proposal and a list of business references, and Holtzman did not provide Mr. Jackson's curriculum vitae or a list of his publications and prior testimony.

Holtzman responds that the "bid proposal" is Mr. Jackson's expert report regarding both the scope and cost of the work to be done to remedy the results of vandalism in the insured property, and that his failure to sign the bid report is harmless. Holtzman states that Jackson is a "working man's expert," and that the two-page document it produced indicates he has thirty-four years of experience as an electrician, sixteen years with his own company; he has a Master Electrician's license in four local jurisdictions, and he provides eight business references. Holtzman further responds that the "clear and intelligible implication" of the failure to list Mr. Jackson's prior testimony is that there has been none. Holtzman notes that Travelers has not taken Mr. Jackson's deposition and could have explored any deficiencies in the report during deposition. Finally, Holtzman assets that Mr. Jackson

2

is qualified to provide an expert opinion regarding the damage and repairs to the property by virtue of his knowledge, skill, experience and training, as permitted by Federal Rule of Evidence 702.

Discussion

Federal Rule of Civil Procedure 26(a)(2)(A) requires that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rule 26(a)(2)(B) requires that a party submit a disclosure of an expert witness's identity, which

> shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

"In light of the purposes of Rule 26(a), Rule 37(c)(1) provides for the exclusion at trial of any information not disclosed pursuant to Rule 26(a), unless the failure to disclose is harmless, or if there was substantial justification for such failure." Minebea Co., Ltd. v. Papst, 231 F.R.D. 3, 6 (D.D.C. 2005). Rule 37 states,

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under

> Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

The advisory committee note to Rule 26(a) offers a detailed explanation of the nature of information to be disclosed in an expert report, and the intent behind the Rule that the report contain the substance of the witness's testimony:

> [Rule 26(a) ] requires that persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony, must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor. **The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness**. Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed. **Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness**.
>
> > The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions.

Fed. R. Civ. P. 26(a), advisory committee's note (emphasis added).

"When a party fails to provide information . . . in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1), and Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998)). "The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." Id. (citing Rule 37(c)(1)). "When fashioning

a remedy, the district court should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." Id. (citing Sellers v. Mineta, 350 F.3d 706, 711-12 (8th Cir. 2003), and Marti v. City of Maplewood, Mo., 57 F.3d 680, 683 (8th Cir. 1995)).

In the context of Rule 26, Mr. Jackson's report is entirely inadequate. The most critical requirements of the Rule--the basis and reasons for the expert's opinions and the data or other information considered--are totally lacking. See United States v. GC Quality Lubricants, Inc., 2002 WL 34376587, *2 (M.D. Ga. Sept. 27, 2002). The mere submission of a repair estimate tells Travelers nothing about the substance of Mr. Jackson's calculation of the damages and estimate to repair, and leaves it open to unfair surprise. See Frye v. Hanson Aggregates PMA, Inc., 2006 WL 5349211, *4 (S.D. W. Va. June 12, 2006). "An expert report must contain some discussion of the reasoning and thought process that led to the ultimate conclusion." GC Quality Lubricants, 2002 WL 34376587 at *2; see also Upsher-Smith Labs., Inc. v. Mylan Labs., Inc., 944 F. Supp. 1411, 1440 (D. Minn. 1996) (limiting expert's testimony based in part on expert's report's failure to disclose the facts and rationale underlying the opinions expressed).

Holtzman's position that Travelers can ask Mr. Jackson about all of the information omitted from his report during his deposition unfairly shifts the burden to Travelers to first establish how Mr. Jackson's conclusions were reached before it can begin to cross-examine him on his conclusions. See GC Quality Lubricants, 2002 WL 34376587 at *2. "Rule 26(a)(2)(B) was intended to avoid just such a result." Id. As the advisory committee note quoted above explains, the expert's report "is intended to set forth the substance of the direct examination" and "should be written in a manner that reflects

the testimony to be given by the witness." Fed. R. Civ. P. 26(a), advisory committee's note. Mr. Jackson's report fails to satisfy these requirements.

Holtzman has offered nothing to establish that its failure to comply with Rule 26(a)(2)(B) was substantially justified. For the reasons discussed above, the failure to comply is not harmless. As a result, the Court may exclude Mr. Jackson's testimony "as a self-executing sanction." Wegener, 527 F.3d at 692; Rule 37(c)(1). Holtzman's proffered reasons for its non-compliance with the Rule, which appear to be that it need not comply because Mr. Jackson is a "working man's expert," and that Travelers can obtain the omitted information through deposition testimony, are unpersuasive and contrary to the language and intent of the Rule.

The surprise and prejudice to Travelers as a result of Holtzman's failure are significant and have not been cured to date through supplementation or otherwise. Although the surprise and prejudice could be cured by taking Mr. Jackson's deposition, the Court declines to require this of Travelers because doing so would shift to Travelers the burden of disclosure placed squarely on Holtzman by the Rule. Holtzman elected to designate Mr. Jackson as an expert who may be used to provide evidence under Federal Rule of Evidence 702, 703 or 705, and then failed to provide the requisite information required by Rule 26(a)(2)(B), even after the instant motion was filed.

With respect to the final factor, the importance of the testimony, Holtzman must present evidence concerning its alleged damages to support its counterclaim. This factor weighs in favor of allowing Holtzman to attempt to remedy the defects in its expert disclosure of Mr. Jackson, particularly because the discovery deadline established by the amended Case Management Order does not expire until May 22, 2009.

The Court will grant Travelers' motion to exclude Mr. Jackson's expert designation, based on Holtzman's failure to comply with Rule 26(a)(2)(B). Holtzman will be granted additional time to comply with Rule 26(a)(2)(B) by submitting an expert report prepared and signed by Mr. Jackson in accordance with the requirements of the Rule, if it wishes to offer Mr. Jackson as an expert witness.[2] The report should specifically address all issues described in the Rule, set forth the substance of Mr. Jackson's direct examination, and provide "a complete statement of all opinions to be expressed and the basis and reasons therefor." Rule 26(a)(2)(B).

## II. Holtzman's Witness Gerald Kramer

<u>The Parties' Arguments</u>

Travelers moves to exclude the proposed opinion testimony of Holtzman's expert witness Gerald Kramer, that Travelers unreasonably and vexatiously delayed payment of Holtzman's claim, on the basis that the testimony unreasonably invades the province of the jury and offers legal conclusions concerning the application of Missouri's statute governing vexatious refusal to pay insurance claims, Mo. Rev. Stat. § 357.420.

---

[2]It is not clear whether the information disclosed in Mr. Jackson's "report" is more properly offered as expert or fact witness testimony. Some courts have suggested that a witness such as Mr. Jackson could testify pursuant to Federal Rule of Evidence 701, as a fact witness offering a lay opinion at trial. See <u>Manoma Realty Mgmt., LLC v. Federal Pacific Elec. Co.</u>, 2007 WL 2175947, *5 (S.D.N.Y. July 27, 2007) (observing that expert report appeared "to be a contractor's very detailed document identifying repairs needed and estimating the cost of those repairs"; reserving for trial the question whether the information contained therein was properly the subject of expert or fact witness testimony); <u>Rottlund Co., Inc. v. Pinnacle Corp.</u>, 2004 WL 5625247, *3 (D. Minn. Nov. 2, 2004) (granting motion to exclude expert testimony but noting that party could attempt to lay foundation for witnesses' testimony under Fed. R. Evid. 701). Nonetheless, Mr. Jackson's proposed testimony concerns technical and specialized matters and as a result may be properly offered as expert testimony. See Rule 701(c), Fed. R. Evid. (stating that lay opinions may not be "based on scientific, technical, or otherwise specialized knowledge within the scope of Rule 702.")

Holtzman responds that Mr. Kramer's opinions are admissible because they concern the contents of Holtzman-Travelers claim documents and the meaning of universally accepted language or terms of art in the insurance industry, insurance policy provisions and procedures, whether Travelers' conduct in handling this claim met insurance industry standards, what it means for an insurer to act vexatiously or unreasonably in handling an insurance claim, and whether Travelers' attitude in connection with the claim was recalcitrant.

Travelers replies that Holtzman misrepresents the nature of Mr. Kramer's Rule 26(a)(2) report, which does not offer any analysis of insurance procedures and terminology. Instead, Travelers contends that Mr. Kramer simply provided a statement of facts concerning Holtzman's insurance claim and the conclusion that Travelers' conduct was "vexatious" and without "reasonable cause of excuse." Travelers asserts that Holtzman has disclosed Mr. Kramer for the purpose of providing an impermissible legal conclusion that Holtzman should recover under Missouri's vexatious refusal statute.

Discussion

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. "Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony." Weisgram v. Marley Co., 169 F.3d 514, 523 (8th Cir. 1999), aff'd, 528 U.S. 440 (2000). The Rule "favors admissibility if the testimony will assist the trier of fact." Clark ex rel.

8

Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998). Doubt regarding "whether an expert's testimony will be useful should generally be resolved in favor of admissibility." Id. (citation and internal quotation omitted).

In Daubert, the United States Supreme Court interpreted Rule 702 to require district courts to be certain that expert evidence based on scientific, technical or other specialized knowledge is "not only relevant, but reliable." Daubert, 509 U.S. at 589. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert at 592-93.

The Eighth Circuit has explained that proposed expert testimony must meet three criteria to be admissible under Rule 702:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires . . . .
>
> The basis for the third prerequisite lies in the recent amendment of Rule 702, which adds the following language to the former rule: '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.' Fed. R. Evid. 702.

Lauzon, 270 F.3d at 686 (internal citations and punctuation omitted).

Federal Rule of Evidence 704(a) expressly permits an expert to state an opinion on an "ultimate issue," as follows:

> (a) Except as provided in subdivision (b) [pertaining to a criminal defendant's mental state], testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

Fed. R. Evid. 704(a). The Eighth Circuit Court of Appeals has explained the interaction of the two rules as follows:

> Under Rule 702, a qualified expert may give opinion testimony if the expert's specialized knowledge would help the jury understand the evidence or decide a fact in issue. United States v. Arenal, 768 F.2d 263, 269 (8th Cir. 1985). Although an expert opinion is not inadmissible merely "because it embraces an ultimate issue to be decided by the trier of fact," Fed. R. Evid. 704(a), not all expert opinions are admissible. Arenal, 768 F.2d at 269. Opinions that are "phrased in terms of inadequately explored legal criteria" or that "merely tell the jury what result to reach" are not deemed helpful to the jury, Fed. R. Evid. 704 advisory committee's note, and thus, are not admissible under Rule 702.

United States v. Whitted, 11 F.3d 782, 785 (8th Cir. 1993); see also Dow Corning Corp. v. Safety Nat'l Cas. Corp., 335 F.3d 742, 751 (8th Cir. 2003) (affirming trial court's rejection of expert's legal opinions that attempted to tell the trier of fact what result to reach, citing Rule 702 and Whitted, 11 F.3d at 785), cert. denied, 540 U.S. 1219 (2004).

Another district court in the Eighth Circuit has usefully summarized and elaborated on the rules concerning permissible and impermissible expert opinion testimony:

> [A] court may properly exclude an expert's proffered testimony if it amounts to instructing the jury on the law, because instruction on the law is the function of the court. See United States v. Wells, 63 F.3d 745, 753 (8th Cir. 1995), rev'd on other grounds, 519 U.S. 482 (1997). For example, the court may exclude any expert testimony as to a party's duty under a contract, because a party's duty is a question of law for the court, although the expert may be permitted to testify as to the ordinary business practices of those engaged in business pursuant to similar contracts. See The Shaw Group, Inc. v. Marcum, 516 F.3d 1061, 1068 (8th Cir. 2008). To put it another way, an expert may be allowed to testify as to a fact-based opinion, but not to state legal conclusions. Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995). Thus, an expert may testify that factual circumstances demonstrate that a person did not meet a legal duty that is otherwise defined by the court. See, e.g., Alumbaugh v. Union Pac. R. Co., 322 F.3d 520, 525 (8th Cir. 2003) (an expert could properly testify, without invading the province of the jury, that a crossing was not in a state of good repair because its components were not maintained properly and were badly deteriorated, even though this testimony embraced the ultimate factual issue for the jury to determine).

United States v. Hawley, 562 F.Supp.2d 1017, 1040-41 (N.D. Iowa 2008).

With these standards in mind, the Court considers the opinions set forth in Mr. Kramer's expert report. Mr. Kramer offers a number of separate opinions in the report, but Travelers' motion to exclude his testimony states only that "Kramer provides opinions and analysis concerning the legal application of Section 375.420 R.S. Mo.," Pl.'s Mot. to Strike at 3, ¶ 11; "Kramer should not be permitted to testify as to these subjects given that they consist of legal conclusions, matters that would unreasonably invade the province of the jury and matters that are not at issue in the Complaint," id., ¶ 12; and "Kramer is . . . not an attorney . . . . [and] is not qualified to provide opinion testimony analyzing Missouri's vexatious refusal statute[.]" Id., ¶ 13.

Travelers' memorandum in support offers little guidance in terms of analyzing the various statements and opinions offered by Mr. Kramer. Travelers categorizes Mr. Kramer's report as consisting solely of legal conclusions that address the ultimate issue in the case:

> Kramer's testimony is inadmissible and the Court should strike his expert disclosure because his opinions are solely legal conclusions which serve to invade the province of the jury. As in Acceptance Insurance, Kramer has provided no basis for his opinions, other than Defendant's allegations. Indeed, large portions of Kramer's expert disclosure are lifted, word-for-word, from Defendant's counterclaim for vexatious refusal. Kramer has not reviewed the deposition testimony of any representative of Travelers, or the depositions of any non-party witnesses in this case. Although Kramer may have years of experience as a public adjuster, under J.E. Jones Const., Kramer is barred from testifying as to what constitutes conduct entitling an insured to statutory penalties under Section R.S. Mo. 375.420. Kramer's testimony is only intended to advise the trier of fact as to what ultimate conclusion to reach.

Pl.'s Mem. Supp. at 4.

The Court finds that Mr. Kramer's expert report consists of more than the mere legal conclusion that Travelers vexatiously refused to pay Holtzman's claim. Travelers oversimplifies the nature of Mr. Kramer's expert report to a significant degree. Although the report does contain legal

conclusions which may not be admissible, it also contains fact-based opinions with respect to the allegedly vexatious nature of Travelers' actions.[3] "[A]n expert may testify that factual circumstances demonstrate that a person did not meet a legal duty that is otherwise defined by the court." Hawley, 562 F.Supp.2d at 1041. Travelers' motion makes no attempt to discuss whether the various fact-based opinions contained in Mr. Kramer's report are admissible. The Court will deny Travelers' motion to exclude Mr. Kramer as an expert witness. Travelers is free to file a motion in limine with respect to specific aspects of Mr. Kramer's testimony in the future.

**Conclusion**

Based on the foregoing, the Court will grant plaintiff Travelers' motion to exclude the expert disclosure of Holtzman's witness Mr. Jackson, and grant defendant fifteen days to file a new expert report from Mr. Jackson. The Court will deny Travelers' motion to exclude the expert disclosure of Holtzman's witness Mr. Kramer.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Travelers Indemnity Company of America's motion to strike defendant Holtzman's expert witness disclosure, construed as a motion to exclude Holtzman's expert witnesses, is **GRANTED in part** and **DENIED in part**; said motion is **GRANTED** with respect to witness James E. Jackson, and **DENIED** with respect to witness Gerald Kramer. [Doc. 72]

---

[3]For example, Mr. Kramer's report includes the following statements and opinions: Travelers' first partial payment to Holtzman did not occur until a year after the loss occurred and that this was an unreasonable delay; Travelers "gave the Insured the runaround" by using "at least a dozen different claim representatives" on Holtzman's claim; Travelers unreasonably left the claim open and unresolved for a period of twenty-nine months prior to requesting a January 2008 examination of Mr. Holtzman under oath; Travelers refused to communicate with Holtzman in a timely manner; and Travelers filed the instant lawsuit before it finished processing Holtzman's claim.

**IT IS FURTHER ORDERED** that defendant Holtzman Properties, L.L.C. is granted until **April 29, 2009** to submit to plaintiff an expert report prepared and signed by James E. Jackson in accordance with the requirements of Rule 26(a)(2)(B). The report should address all issues described in the Rule, set forth the substance of Mr. Jackson's direct examination, and provide "a complete statement of all opinions to be expressed and the basis and reasons therefor." Rule 26(a)(2)(B), Fed. R. Civ. P.

 

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of April, 2009.